# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAMELL WEBB, <br> Defendant. | Case No. CR12-307RSL <br><br> ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL |

This matter comes before the Court on Defendant's "Motion and Memorandum for Judgment of Acquittal" (Dkt. # 20). Defendant has knowingly and voluntarily waived his rights to a trial by jury and requested that the Court determine whether he committed the crime of escape, as set forth in 18 U.S.C. § 751(a) ("Section 751(a)"), based on the parties' stipulated facts. Defendant seeks judgment of acquittal because he was not in "custody" or confined in an "institution or facility" as required for a conviction of escape. Based on the Court's review of the parties' memoranda, the parties' stipulated facts and the supporting documents, the remainder of the record, and the arguments presented during the January 29, 2012 hearing, the Court DENIES Defendant's motion.

## I. BACKGROUND

On December 3, 2010, the Court sentenced Defendant to a term of imprisonment of thirty-seven months following the Defendant's plea of guilty to a felony offense, Possession of Crack Cocaine with the Intent to Distribute, in violation 21 U.S.C. §§

ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL- 1

841(a), 841(b)(1)(C) and 18 U.S.C. § 2. Stip. (Dkt. # 18-1) ¶¶ 1-2, Ex. 1. On January 9, 2012, Defendant was transferred to Pioneer Fellowship House Residential Reentry Center ("RRC") in Seattle, Washington, to serve the final portion of his thirty-seven month sentence. Id. ¶ 3. Defendant remained in the custody of the Federal Bureau of Prisons ("BOP"). At the time of his transfer, Defendant signed a form acknowledging that he may be placed on escape or abscond status and charged with escape if, among other things, he "[f]ails to return to [RRC] at the time designated by the resident's schedule." Id., Ex. 2.

A little over a month after Defendant arrived at RRC, he requested and received permission to serve the remaining part of his prison sentence on home detention at a location in Seattle, Washington. Id. ¶ 4. Even though Defendant was not required to submit to any form of electronic monitoring, he was still in BOP custody. He was required to call RRC from home each evening at 9:00 p.m. and physically report to RRC when RRC staff instructed him to appear. Id. ¶¶ 4-5. The conditions of his home detention included submission to urinalysis as requested by RRC, attendance at progress reviews at RRC twice per week, and staying at home when he was not at work. Id. ¶ 4, Ex. 5. Defendant was not employed at the time. Id. When the conditions of home detention were placed on Defendant, he acknowledged that failing to report to the RRC could constitute an escape from federal custody. Id.

On March 24, 2012, Defendant was directed to physically report to RRC. He did not follow that instruction or report to RRC at any time thereafter. Id. ¶ 6. He was arrested by Seattle police on September 13, 2012. Id. ¶ 7.

## II. ANALYSIS

Under Section 751(a),

> [w]hoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any

ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL- 2

> custody by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge...shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both...

18 U.S.C. § 751(a).

Defendant contends that he has not committed the crime of escape because he was not in "custody" or confined at an "institution or facility," as required by Section 751(a). Motion at 5-6. To support this contention, Defendant relies on United States v. Baxley, 982 F.2d 1265 (9th Cir. 1992) and United States v. Burke, 694 F.3d 1062 (9th Cir. 2012). In Baxley, after being indicted for transporting a stolen vehicle across state lines, the defendant was released on a personal recognizance bond on the condition that he reside at a halfway house in Las Vegas, Nevada, while awaiting his trial. Baxley, 982 F.2d at 1266. The defendant was allowed to come and go as he pleased, but he was required to log the time, duration, and purpose of his departures. Id. He was charged with escape when he failed to return from an outing and instead went to stay at his sister's house in Las Vegas. Id. at 1267.

The Ninth Circuit held that there was no escape under Section 751(a) because the defendant was not in "custody." Id. at 1269. The court emphasized that the restrictions placed on the defendant were slight, and "[i]n no way did [the defendant's] conditions of confinement approach those of incarceration." Id. (quotations omitted). Rather, the court found the conditions of his release to be more similar to probation because he could remain employed and come and go during the day as he chose, as long as he logged the time, purpose, and duration of his excursions. Id. The court noted that the defendant was assigned to the halfway house not as part of his sentence after trial, but pursuant to the conditions of a personal recognizance bond." Id.

In Burke, the Ninth Circuit similarly held that a defendant who had completed his imprisonment and was residing at a halfway house as a condition of supervised release

ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL- 3

was not in "custody" as required by Section 751(a). <u>Burke</u>, 694 F.3d at 1064. Relying on <u>Baxley</u>, the court noted that the defendant was free to work outside of the center and come and go as long as he signed in and out. <u>Id.</u> Like the defendant in <u>Baxley</u>, the defendant "was not serving a prison sentence, nor was he confined to the [halfway house] under conditions equivalent to custodial incarceration." <u>Id.</u>

In <u>Burke</u>, the court distinguished the defendant's situation from those presented in <u>United States v. Jones</u>, 569 F.2d 499 (9th Cir. 1978) and <u>United States v. Keller</u>, 912 F.2d 1058 (9th Cir. 1990), two cases cited by the government in response to Defendant's motion. As the Ninth Circuit acknowledged in <u>Burke</u>, and as the government contends here, "there is a crucial distinction between Burke and the defendants in <u>Keller</u> and <u>Jones</u>: the latter were committed to BOP custody when they absconded. In contrast, Burke had completed his prison term and was no longer in BOP custody when he left the [halfway house]." <u>Burke</u>, 694 F.3d at 1065 (citations omitted).

The Court finds the circumstances surrounding Defendant Webb's failure to report to RRC more closely analogous to those present in <u>Keller</u> and <u>Jones</u> than those in <u>Burke</u> and <u>Baxley</u>. In <u>Keller</u>, the defendant was serving a term of probation following his conviction of a misdemeanor tax offense. <u>Keller</u>, 912 F.2d at 1059. He violated the terms of his probation and the court revoked his probation and imposed a one year term of imprisonment. <u>Id.</u> The Court gave the defendant a little over two weeks to wind up his affairs and ordered him to report to the residential center by 4:00 p.m. on August 10, 1987. <u>Id.</u> The defendant did not report to the center on the designated date and was later arrested and charged and convicted of escape. <u>Id.</u>

Like Webb, the defendant in <u>Keller</u> argued that he could not have escaped from custody because he was not in custody. <u>Id.</u> The Ninth Circuit disagreed, finding that there was "no doubt that he was effectively ordered into custody as of 4:00 p.m. on

ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL- 4

August 10. An instant later, he was an escapee." Id. at 1060. Like Webb, the defendant's sentence was imposed and effective at the time he failed to report. Id. ("The important point is that the sentence was imposed and was effective, without further contemplated action or order of the court, to cause Keller's legal confinement no later than 4:00 p.m. on August 10."). Webb was in the midst of serving his original prison sentence when he failed to report. Stip. ¶¶ 3-4. Like the defendant in Keller, he was not awaiting trial or on supervised release. Burke and Baxley are distinguishable on that ground. In those cases, the defendants were not serving post-conviction, pre-supervised release, sentences when they escaped.

The Court also finds that the conditions of Webb's confinement more closely resemble incarceration than probation. Unlike the defendants in Burke and Baxley, Webb was required to remain in the home when he was not working and he was not given any freedom to come and go as he pleased. Id. ¶ 4, Ex. 5. Even though he was confined to his house, Defendant argues that the fact that he was in the home without electronic monitoring, as opposed to being in a prison, weighs in favor of finding that he was not in "custody." Motion at 7. However, it is well settled that custody need not involve direct physical restraint. Keller, 912 F.2d at 1059; see also United States v. Rudinsky, 439 F.2d 1074, 1076 (6th Cir. 1971) ("A person may still be in custody, even though not under constant supervision of guards, so long as there is some restrain upon his complete freedom.").

Similarly, there is nothing in the records transferring Webb to RRC and then to home detention that indicate that he was not intended to be in "custody" while serving home detention. See Baxley, 982 F.2d at 1270 (finding support for holding in the earlier order in which the judge declined to check the box indicating that the defendant was in the custody of a given institution). On the contrary, as part of both transfers, Webb expressly acknowledged and agreed that he was in custody and would be charged with

escape if he failed to abide by the conditions of the transfers.  See Stip., Exs. 2, 5. Based on this record, the Court finds that there was ample indication that he was intended to be in "custody."

Finally, Webb contends that the Court is required to employ the rule of lenity when interpreting whether he was in "custody" because the escape statute is a criminal statute.  Motion at 7.  The Court disagrees.  "A statute is not ambiguous for purposes of lenity merely because there is a division of judicial authority over its proper construction."  Reno v. Koray, 515 U.S. 50, 64-65 (1995) (quotation marks omitted).  "The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended."  Id. (quotation marks and citations omitted).

## III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES Defendant's motion for judgment of acquittal (Dkt. # 20).  The judgment will appear as a separate order.  The Court finds Defendant guilty of the crime of escape under Section 751(a).

DATED this 31st day of January, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL- 6